UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | DOCKET NO. 3:06 CR 151 - W |
| | ) | |
| v. | ) | |
| | ) | |
| **(1)   GIUSEPPE PILEGGI,** | ) | |
| **(2)   HERMAN KANKRINI,** | ) | |
| **(10)  VICTOR RONALD KUSTRA,** | ) | |
| **(11)  MICHAEL FORCHEMER,** | ) | |
| | ) | |
| Defendants | ) | |

**ORDER DIRECTING
DEFENDANTS TO IDENTIFY AND DISCLOSE THE NATURE AND LOCATION
OF PROPERTY SUBJECT TO CRIMINAL FORFEITURE**

On December 5, 2006, a grand jury returned an indictment against the Defendants

**GIUSEPPE PILEGGI, HERMAN KANKRINI, VICTOR RONALD KUSTRA,** and

**MICHAEL FORCHEMER,** and others in this case.  The indictment provides, *inter alia*, that all

proceeds of the offense(s) alleged in Counts 1 through 23 will be subject to forfeiture to the United

States in the event the defendants are convicted..   The grand jury's return of the indictment is a

finding of probable cause sufficient to satisfy the government's burden for obtaining a restraining

order or other order designed to preserve  property subject to forfeiture in the event of conviction

(including substitute property).  See In re Billman, 915 F.2d 916, 919 (4th Cir. 1990), cert. denied,

500 U.S. 952 (1991).[1]   After indictment, the government may seek such an order *ex parte* without

a pre-restraint hearing. 21 U.S.C. § 853(e)(1)(A).

Thus, in order to ensure that the forfeitable property is properly accounted for and preserved

---

[1]See also Stefan D. Cassella, Asset Forfeiture Law in the United States, § 17-14 (2007);
B. Frederic Williams, Jr., & Frank D. Whitney, Federal Money Laundering: Crimes and
Forfeitures, § 13.14.2 (1999).

pending trial, it is HEREBY ORDERED, pursuant to 21 U.S.C. § 853(e), that

1.    Defendants **PILEGGI, KANKRINI, VICTOR KUSTRA,** and **FORCHEMER,** shall itemize, in the form of an affidavit submitted to the court no later than 5:00 p.m., Monday, October 1, 2007, all property held by them or on their behalf that is described in the indictment as being subject to forfeiture, whether such property is located in the United States or elsewhere, and shall disclose the location of such property, and it is

2.    FURTHER ORDERED, that if any property described as subject to forfeiture is no longer in the defendant's possession, the defendant shall identify the person or persons to whom the property was transferred, the date of such transfer, and the consideration if any for such transfer, and it is

3.    FURTHER ORDERED, that the information disclosed by any defendant in terms of the affidavits made in compliance with this Order will not be used in the prosecution of an offense alleged to have been committed by the person who made the disclosure, insofar as such disclosure is truthful and would, if used as evidence, infringe on the person's Fifth Amendment right not to incriminate himself or herself. This paragraph shall not have the effect of preventing the use of such disclosure as evidence in support of the forfeiture of the property named in the affidavit, nor as evidence in any trial in which the person who made such disclosure is charged with perjury or obstruction of justice in relation to the disclosure.

    IT IS SO ORDERED.

Signed: September 20, 2007

Frank D. Whitney
United States District Judge