FILED
CHARLOTTE, N. C.

JUN 2 2009

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:06CR151

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | |
| (2) HERMAN KANKRINI, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

   **Approximately $17,000.00 in United States Currency delivered from the Czech Bank of Commerce in Ziar Nad Hronom, Slovakia (IBAN: SK91 7500 0000 0040 0088 7180) Account Number 4000887180/7500, such account held in the name of Herman Kankrini, to the trust account of Nils E. Gerber, attorney for Herman Kankrini.**

2. The United States Marshal Service and/or other property custodian for the investigative agency took possession of the above-described tangible property and will maintain custody of the property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the forfeited property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered as to the specifically identified assets above. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose

of the property according to law.

6. The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461( c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

PETER B. LOEWENBERG, ESQ.
Assistant United States Attorney

PATRICK M. DONLEY, ESQ.
Assistant United States Attorney

HERMAN KANKRINI
Defendant

NILS E. GERBER, ESQ.
Attorney for Defendant

Signed this the 2nd day of June, 2009.

UNITED STATES DISTRICT JUDGE
FRANK D. WHITNEY